

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1961

Honorable Joe Resweber
County Attorney
Harris County
Houston 2, Texas

Opinion No. WW-1061

Re: Propriety of comparing
Poll Tax list with Property
Rolls prior to August 1st
and striking name duplica-
tions in preparation for
compilation of names for
Jury wheel; and statutory
construction of words
"typist" and "shall type."

Dear Sir:

We are in receipt of your letter in which you ask our
opinion on the following questions:

"1.   In light of Article 2094's require-
ment that selection of jurors for service in
the district and county courts be made 'between
the first and fifteenth days of August of each
year' from the list of qualified jurors in the
county as shown by current tax lists, may the
District Clerk, prior to August 1st, make a
comparison of the poll tax lists and property
rolls to eliminate duplication of qualified
jurors' names theron, in furtherance of their
selection during the August 1st and 15th period?

"2.   By use of the word 'typists,' and
phrase 'shall type,' does Article 2095 prohibit
the use of various kinds of mechanical equipment,
such as key punch and other systems?"

Article 2094 of Vernon's Civil Statutes provides in part
as follows:

"Between the first and fifteenth days of
August of each year, in each county having a
population of at least forty-six thousand
(46,000), or having therein a city containing
a population of at least eighteen thousand

(18,000), as shown by the last preceding
Federal Census, and in each county having
two (2) or more District Courts holding
sessions therein, regardless of population,
except as hereinafter provided, the tax
collector or one of his deputies, together
with the sheriff or one of his deputies, and
the county clerk or one of his deputies, and
the district clerk or one of his deputies,
shall meet at the courthouse of their county
and select from the list of qualified jurors
as shown by the tax lists in the tax assessor's
office for the current year, the jurors for
service in the district and county courts of
such county for the ensuing year, in the manner
hereinafter provided." (Emphasis added)

Article 2095 of Vernon's Civil Statutes provides in
part as follows:

"Said officers shall write the names of
all persons who are known to be qualified jurors
under the law, residing in their respective
counties, on separate cards of uniform size and
color, writing also on said cards, whenever possi-
ble, the post-office address of each juror so
selected, . . ."    (Emphasis added)

Article 2133 of Vernon's Civil Statutes defines the
qualifications of a juror.

In Articles 2094 and 2095 of Vernon's Civil Statutes,
the Legislature set out, among other things, what counties
would come within the jury wheel law and provided that "the
tax collector or one of his deputies, together with the
sheriff or one of his deputies and the county clerk or one
of his deputies, and the district clerk or one of his deputies
shall meet at the courthouse" and shall select qualified
jurors as shown by the tax list in the tax assessor's office
for the current year.  Said officers, in writing the names
of persons down on separate cards, shall place only those
persons "who are known to be qualified jurors under the
law".  The question of what part the tax lists play
in these selections has long been settled in Texas.  The
Commission of Appeals in the case of Northern Texas Traction

Co. v. Bryan, 294 S.W. 527 (Comm. App. 1927), in discussing the history of the Jury Wheel system in Texas and the amendment of 1911 to Articles 2094 and 2095, stated at page 530 as follows:

> ". . . Aside from changing the time of filling the jury wheel from every second year to every year, the only change effected in the Jury Wheel Law by said amendment was to require said officers to look to the tax lists in the tax assessor's office in making selection of names to be placed in the jury wheel; but did not relieve them of the duty to place in the jury wheel the names of all men residing in the county who were known to them to be qualified jurors under the law, as was prescribed by section 2 of the original act. We think, therefore, that the provisions of articles 2094 and 2095 contemplate a reasonably diligent effort, on the part of the officers designated therein, to collect and place in the jury wheel the names of all men in the county having the qualifications of jurors as prescribed by the statutes on that subject, to the end that these men shall be available as jurors when jury panels are drawn from the wheel. The information contained in the tax lists in the tax assessor's office for the current year is but an aid provided by law for the performance of this duty. /Emphasis added/

> " . . . In the exercise of reasonable diligence in the performance of their duty in this respect, it is proper for said officers to have recourse to the latest approved tax rolls of the county. . . ."

This office held in Attorney General's Opinion 0-5521 (1943) concerning that portion of Article 2094 of Vernon's Civil Statutes which provides that the names used for filling the jury wheel are obtained "from the tax lists in the tax assessor's office for the current year," in part as follows:

> ". . . we are inevitably led to the conclusion that it was the purpose and intent of the Legislature in enacting

the jury wheel law to (a) preserve the avail-
ability as jurors of all men in the county
qualified for jury service under the general
law; (b) to abolish in counties coming under
the provisions of the jury wheel law, the
element of discretion involved in the selec-
tion, by jury commissioners, of the individual
jurors to make up jury panels, and to utilize
instead the selection of jury panels by mechani-
cal means; and (c) to sanction by law the use
of the tax lists in the tax assessor's office
for the current year <u>as an aid to the designat-
ed officers in their performance of their duty</u>
to see that the names of all those known to be
qualified jurors under the law find their way
into the jury wheel. We think the law contem-
plates that the designated officers should be
diligent in their efforts to collect and place
in the jury wheel the names of all men in the
county having the qualifications of jurors
as prescribed by the statutes of Texas. And
always the controlling object to be effected
is the placing in the jury wheel of all the
qualified jurors in the county." (Emphasis added).

When the designated officers named in the statute meet
between the first and fifteenth days of August each year
to select jurors for service in the district and county
courts for the ensuing year, such officers have a duty
imposed upon them to place the names of all persons "who
are known to be qualified jurors under the law, residing
in their respective counties on separate cards." It
follows that not all persons whose names appear on the
tax rolls are qualified jurors as those qualifications
are defined in Article 2133 of Vernon's Civil Statutes.
The names of minors, incompetents, felons, non-residents
of the county and names of others not qualified under Arti-
cle 2133 might well appear on the tax rolls and such named
officers, if they have knowledge of any of these impediments,
are charged with the responsibility of not placing their
names in the wheel.

Because the jury lists are not all inclusive, but are
to be used merely as an aid to those named in Article 2094
to make the selections, it is our opinion that the District
Clerk may prior to the actual selection of names of
qualified jurors to be placed in the jury wheel, make any
comparison to avoid duplication or perform any other task
so as to aid the officials to place only those names in
the jury wheel who are known to be qualified to serve.

Your second question concerns whether the word "typists" and the phrase "shall type" as found in Article 2095 prohibits the use of various kinds of mechanical equipment, such as key punch and other systems.

Article 2095 of Vernon's Civil Statutes states in part as follows:

". . . except that in counties having a population of one hundred and fifty thousand (150,000) or more, according to the last preceding Federal Census, the Commissioners Court shall provide out of the jury fund a sum sufficient for the payment of typists and other expenses. The typists, under the direction, control and supervision of the District Clerk, shall type the names and addresses of qualified jurors upon the cards as herein described. . . ."

As stated above, this office, in Attorney General's Opinion O-5521, in interpreting the intent of the Legislature in enacting the jury wheel law, stated in part as follows:

"(b) to abolish, in counties coming under the provisions of the jury wheel law, the element of discretion involved in the selection, by jury commissioners, of the individual jurors to make up jury panels, and to utilize instead the selection of jury panels by mechanical means;" (Emphasis added)

Black's Law Dictionary, 4th Ed., 1951, describes typewriting as a process of printing letter by letter by the use of a typewriter, citing State v. Oakland, 69 Kan. 784, 77 Pac. 694, 696 (1904), in which case the Supreme Court of Kansas held that there was no merit to the appellant's contention that certain notices, required by statute to be "printed", were defective because they were typewritten. The Court declared at page 695:

". . . Of what consequence was it whether the letters in the notices were formed by a typewriting machine or a typesetting machine? . . . Printing is now accomplished by a great variety of machines, . . . There are cases

where there is room for a distinction between typewriting and printing, and in these the language used in the rule or statute ordinarily indicates a purpose to differentiate one from the other, but no such purpose is apparent in the statute in question. . . ."

In the case of In Re Sonora Daily, 108 Calif. 2d 53, 238 P.2d 111 (1951), the court discussed the word "printed" as was stated in a statute. That court held at page 112:

"It has been held that a typewritten notice is 'printed' under a statute requiring the posting of printed notices. State v. City of Oakland, 69 Kan. 784, 77 P. 694, 696. . . . Suffice it to say at this point that the word 'print' may be used to describe a large number of distinctive mechanical processes. Perhaps the most suitable definition of the general sense of the verb is that found in Webster's dictionary, 'to strike off an impression or impressions of, from type, or from stereotype, electrotype, or engraved plates, or the like." (Emphasis added)

The Legislature recognized that counties with larger populations would have a more difficult task in placing the names of qualified jurors on separate pieces of paper for the jury wheel, and provided in Article 2095 of Vernon's Civil Statutes that in counties having a population of 150,000 or more, the Commissioners Court was to provide funds from the jury fund for the payment of expenses to accomplish the provisions of the statute. It recognized that the officers named in the statute would be unable to accomplish this mammoth task in our larger counties without undue delay and committing possible errors. This office has held that the intent of the Legislature in enacting the jury wheel law was in part "to utilize . . . the selection of jury panels by mechanical means." To place a restriction on the manner of transcribing the name on a piece of paper of one believed to be a qualified person to serve on a jury would be, in our opinion, defeating the very intent of the Legislature. In reading Articles 2094 and 2095, there can be little doubt that the Legislature's intention was to provide authority and direction to those who seek to protect their right of trial by jury, and those who qualify as to their obligation of citizenship, a fair and adequate method of jury selection, rather than placing limitations

on those officials of technical means of accomplishing their duty.

### S U M M A R Y

1. The provisions of Article 2094 of Vernon's Civil Statutes will not be violated by a District Clerk in making comparisons of all tax lists and property rolls to eliminate duplication of potential qualified jurors' names prior to August 1st.

2. Article 2095 of Vernon's Civil Statutes, by its use of the word "type" and phrase "shall type", does not prohibit the use of various kinds of mechanical equipment, such as key punch and other systems.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Leon F. Pesek
Assistant

LFP:afg:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Tom I. McFarling
Martin DeStefano
Joe B. McMaster

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt